### Donald Scott DONEGAN, Plaintiff–Appellant,

v.

### GENERAL MOTORS CORPORATION; General Motors Corporation Separation Allowance Plan, Defendants–Appellees.

No. 01–2221.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Donald Scott Donegan, West Bloomfield, MI, pro se.

Charles C. DeWitt, Jr., DeWitt, Balke & Vincent, Detroit, MI, for Defendants–Appellees.

Before COLE and COOK, Circuit Judges; and SPIEGEL, District Judge.[*]

### ORDER

Donald Scott Donegan, a Michigan resident, appeals pro se a district court judg-

---

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

ment in favor of defendants in an action to recover benefits under ERISA, 29 U.S.C. § 1132. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Donegan filed this action through counsel in Michigan state court to recover benefits under ERISA and for breach of contract. Defendants removed the case to federal district court. The complaint alleged that Donegan was entitled to nine and one-half months of severance pay from defendants.

Donegan had been employed by defendants for twenty-four years when the division by which he was employed was sold in 1998. Under the terms of the sale, the company that purchased the division agreed to compensate the employees involved for a minimum of thirteen months. The new company sought a position for Donegan for three months, while they continued to pay him at the same level he had been paid by defendants. When they determined that they had no position available for Donegan, they paid him the remaining ten months to which they were obligated under the purchase contract in a lump sum.

The district court granted judgment to defendants, concluding that the denial of severance pay was not arbitrary and capricious.

Upon review, we conclude that the district court properly treated this complaint as one solely filed under ERISA, as the breach of contract claim was preempted. *Smith v. Provident Bank*, 170 F.3d 609, 615–16 (6th Cir.1999). A decision denying ERISA benefits is subject to a highly deferential standard of review where the administrator has the discretionary authority to determine eligibility for benefits. *Mil-*

*ler v. Metro. Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir.1991). The parties in this case agree that the decision denying benefits can be overturned only if it was arbitrary and capricious.

The ERISA plan under which Donegan claims he was entitled to severance pay provided that benefits were not available where the separation arose out of the sale of a General Motors unit and the employee continued his employment with the buyer. Donegan argued that he was never employed by the buyer in this case, while defendants asserted that the contract provision requiring the buyer to pay the employees for a minimum of thirteen months was sufficient to render Donegan ineligible for benefits. The plan's provisions must be given plain meaning as they would be understood by a person of average intelligence and experience. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir.1998). In this case, we conclude that the district court correctly found that it was not arbitrary and capricious for defendants to determine that Donegan's receipt of thirteen months of wages from the buyer pursuant to the contract of sale rendered him ineligible for the nine and one-half months of severance pay he would have been entitled to absent the contract clause.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.